IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAWN C. LEMIEUX and STEVE G. LEMIEUX,<br><br>Plaintiffs,<br><br>vs.<br><br>CWALT, INC. ALTERNATIVE LOAN TRUST 2006-33CB, BAYVIEW LOAN SERVICING, LLC., ASSET FORECLOSURES SERVICES a/k/a PEAK FORECLOSURE SERVICES, INC., and UN-NAMED DOES 1-100,<br><br>Defendants. | CV 15-77-BU-JCL<br><br>ORDER |

This matter is before the Court on Plaintiffs Dawn and Steve Lemieux's motion requesting the Court deem certain matters admitted based on the Answer filed by Defendants CWALT, Inc., Bayview Loan Services, LLC, and Asset Foreclosure Services. Also before the Court is the Lemieuxs' Fed. R. Civ. P. 12(c) motion for judgment on the pleading. For the reasons discussed, the Court finds one factual matter is deemed admitted, but the Lemieuxs' motions are otherwise denied.

I. **Background**

The Lemieuxs own real property in Gallatin County, Montana. On August

1

24, 2006, they refinanced the property with Gateway Financial Services as reflected in a promissory note and deed of trust they signed. Apparently as a result of the Lemieuxs' default on the loan transaction, Defendants – all of which are successors to interests in the loan transaction documents – have proceeded with efforts to foreclose and sell the real property.

The Lemieuxs commenced this action to prevent the foreclosure proceedings on their property. They assert that on June 22, 2009, and under the authority of the federal Truth in Lending Act, they mailed their written rescission of the refinancing transaction to various financial entities including Gateway Financial Services. The Lemieuxs claim those entities did not challenge the referenced rescission at that time and, furthermore, they contend Defendants have admitted the rescission in their Answer filed in this action.

The Lemieuxs also allege that CWALT, Inc. is a foreign business trust that is not registered with the Montana Secretary of State as required under Montana law. They assert Defendants have also admitted that allegation in their answer.

Based on the two purported admissions in Defendants' answer, the Lemieuxs argue they are entitled to judgment on the pleadings. Specifically, they contend they are entitled to a judgment declaring their 2009 rescission was effective, and Defendants' counterclaim for foreclosure and sale of the real

2

property must be dismissed. For the reasons discussed, the Court disagrees.

## II. Discussion

### A. Admissions in Defendants' Answer

The Lemieuxs argue Defendants' Answer admits that the Lemieuxs rescinded the loan transaction. In paragraph 21 of their Amended Complaint the Lemieuxs allege CWALT, Inc. is identified on a notice of trustee sale filed "over six (6) years after Complainants Lemieux rescinded." (Doc. 8 at ¶ 21.) Defendants answered this allegation stating they "admit all of the allegations of ¶ 21 of the Amended Complaint [.]" (Doc. 10 at ¶ 21.) Consequently, the Lemieuxs suggest their rescission is deemed admitted by Defendants under authority of Fed. R. Civ. P. 8(b)(6).

But the Lemieuxs' allegations in paragraph 21 of their Amended Complaint are not the only allegations regarding their rescission. In paragraphs 5, 6 and 7 of their Amended Complaint, they allege they mailed their rescission on June 22, 2009, that they exercised their right to rescind, that Defendants ignored the rescission and elected not to challenge it, and that the Lemieuxs' loan transaction with Gateway Financial Services was thereby extinguished. (Doc. 8 at ¶¶ 5, 6 and 7.) In Defendants' Answer they expressly denied the rescission allegations in paragraphs 5, 6 and 7 of the Amended Complaint. (Doc. 10 at ¶¶ 5, 6 and 7.)

Therefore, viewing Defendants' Answer as a whole, the Court cannot deem the Lemieuxs' allegations of rescission as admitted by Defendants. Therefore, this aspect of the Lemieuxs' motion is denied.

Next the Lemieuxs argue Defendants admitted in their answer that CWALT, Inc. is a "Trust [that] is not registered and does not have a registered agent on file with the Montana Secretary of State as required under Montana law[.]" (Doc. 8 at ¶ 21.) Indeed, Defendants' Answer specifically admits this allegation (doc. 10 at ¶ 21), and in response to the Lemieuxs' motion Defendants concede the admission. Therefore, the Lemieuxs' motion is granted in this respect.

### B. Motion for Judgment on the Pleadings

The Lemieuxs move for judgment on the pleadings based on their argument that Defendants admitted (1) the Lemieuxs' rescission, and (2) that CWALT, Inc. is not registered in Montana. But for the reasons discussed, the Court concludes the Lemieuxs' motion for a judgment is properly denied.

The procedural vehicle for a party's motion for judgment on the pleadings is provided at Fed. R. Civ. P. 12(c). When determining whether to grant a party's motion for judgment on the pleadings the courts "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Judgment is properly granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Id*.

Because Defendants have expressly denied the Lemieuxs' rescission allegations the Lemieuxs are not entitled to judgment on their claim for rescission. Their motion for judgment on the pleadings is denied in this respect.

Next, as a result of Defendants' admission that CWALT, Inc. is not registered in Montana, the Lemieuxs assert they are entitled to a judgment establishing that CWALT, Inc. lacks authority to proceed with this litigation and pursue its counterclaims. The Lemieuxs rely upon the provisions of Mont. Code Ann. § 35-5-201(2) which require that a "foreign business trust shall file a verified application in the office of the secretary of state[,]" and the trust must file its trust documents. The Lemieuxs contend that since CWALT, Inc. has not filed and registered with the Montana Secretary of State it "lacks standing" to litigate this case. But the Court concludes Montana law does not so limit CWALT, Inc.'s authority with respect to this litigation.

Contrary to the Lemieuxs' argument, the admitted fact that CWALT, Inc. is not registered with the Montana Secretary of State does not, as a matter of law, render it without authority to fully litigate its interests in this action. Rather, as explained, the requirement under Montana law that a foreign business trust must

5

register with the Montana Secretary of State serves only to allow the trust to "transact business" in Montana.

Montana law requires a foreign business trust to apply and register as provided under Mont. Code Ann. § 35-1-1028. Mont. Code Ann. § 35-5-201(2). That application is only for the purpose of obtaining a certificate of authority to "transact business[.]" Mont. Code Ann. § 35-1-1028. Upon approval of an application, the Secretary of State issues a "license to do business in this state, and the business trust may thereupon commence business." Mont. Code Ann. § 35-5-202.

But Montana law also provides that a business entity may engage in certain activities without registering with the Montana Secretary of State. Although a foreign business trust must register to transact business, Montana's foreign corporation laws provide a list of activities which do not constitute the act of "transacting business[.]" Mont. Code Ann. §35-1-1026.[1] Included among those exempt activities are:

(a) maintaining, defending, or settling any proceeding;

[...]

---

[1]Under Montana law "[a]ny business trust" is subject to provisions of law applicable to domestic and foreign corporations. Mont. Code Ann. § 35-5-103.

> (g) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; [and]
>
> (h) securing or collecting debts or enforcing mortgages and security interests in property securing the debts[.]

Mont. Code Ann. § 35-1-1026(2)(a), (g) and (h). Thus, in accordance with section 35-1-1026, a foreign business entity need not first obtain a certificate of authority from the Montana Secretary of State to secure its authority to collect a debt by foreclosing on a secured real estate transaction and pursuing litigation activities because those activities do not qualify as "transacting business." *Farm Credit Bank of Spokane v. Fulbright*, 907 P.2d 956, 957-58 (Mont. 1995).

Based on the foregoing, Defendants' admission that CWALT, Inc. is not registered in Montana is of no legal consequence to CWALT, Inc.'s authority to conduct this litigation. Its activities relative to this litigation are exempt from the requirement that it register with the Montana Secretary of State. The Lemieuxs' motion for judgment on the pleadings, therefore, is denied in this respect.

### III. Conclusion

Based on the foregoing, IT IS ORDERED that the Lemieuxs' motion to deem their rescission admitted is DENIED, and their motion to deem admitted their allegation that CWALT, Inc. is not registered with the Montana Secretary of State is GRANTED.

But because Defendants deny the Lemieuxs' rescission, and because Defendants' admission as to CWALT, Inc.'s registration status does not render it without authority to litigate its interests in this action, IT IS FURTHER ORDERED that the Lemieuxs' motion for judgment on the pleadings is DENIED.

DATED this 28th day of July, 2016.

_/s/ Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge