IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAWN C. LEMIEUX and STEVE G. LEMIEUX,<br><br>Plaintiffs,<br><br>vs.<br><br>CWALT, INC. ALTERNATIVE LOAN TRUST 2006-33CB, BAYVIEW LOAN SERVICING, LLC., ASSET FORECLOSURES SERVICES a/k/a PEAK FORECLOSURE SERVICES, INC., and UN-NAMED DOES 1-100,<br><br>Defendants. | CV 15-77-BU-JCL<br><br>ORDER |

Pro se Plaintiffs Dawn and Steve Lemieux have filed a Motion to Take Judicial Notice, asking the Court to take judicial notice of various documents, statutes, regulations, and court decisions.

Under Federal Rule of Evidence 201, a court may take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are either (1) "generally known within trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 is expressly limited to "adjudicative facts" and does not authorize judicial notice of "legislative facts."

1

Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Whipple v. Mann Mortgage LLC*, 2013 WL 12131875 *1 (D. Mont. Sept. 17, 2013) (quoting advisory committee notes to Rule 201(a)).

Plaintiffs ask the Court to take judicial notice of several federal and Montana statutes, regulations, and published court decisions. (Doc. 45, at 3-9). But because these statutes, cases, and regulations are "legislative facts" rather than "adjudicative facts," they are not appropriate for judicial notice. See e.g. *Nguyen v. Cavalry Portfolio Services, LLC*, 2015 WL 12672149 *2 (S.D. Cal. Feb. 20, 2015) (denying requests for judicial notice of legal authority as unnecessary); *Lucero v. Wong*, 2011 WL 5834963, *5 (N.D. Cal. Nov. 21, 2011) (explaining that it is not necessary to ask the court to judicially notice state and federal cases as legal precedent because "the court routinely considers such legal authorities in doing it legal analysis without a party requesting that they be judicially noticed.") To the extent Plaintiffs are asking the Court to take judicial notice of various state and federal statutes, regulations, and cases, their motion is denied.

Plaintiffs have also requested that the Court take judicial notice of the

following documents: (1) Certified Mailing Receipt Card; (2) Notice of Intent to Rescind; (3) Notice of Revocation of Power of Attorney, and; (4) Notice of Non-Performance and Default, dated February 16, 2010. (Doc. 45, at 3). These are not the sort of documents of which the Court may take judicial notice because they are not facts that are generally known or from sources whose accuracy cannot be questioned. That said, Plaintiffs will be afforded the opportunity at trial to lay the appropriate foundation for the admission of each of these documents.

Next, Plaintiffs ask the Court to take judicial notice of one page from Defendant's discovery responses naming Gerardo Trueba as a witness, and a synopsis of Trueba's testimony taken from an unrelated state court case involving Defendant Bayview Loan Services, LLC. See Doc. 45, at 3; *Jacobson v. Bayview*, 371 P.3d 297 (Mont. 2016). Defendants' discovery responses are not the proper subject of judicial notice, and there are no adjudicative facts in the *Jacobson* case of which this Court can take judicial notice. The issue of whether Plaintiffs may use Trueba's prior testimony for purposes of impeachment remains to be determined in the context of trial.

Finally, Plaintiffs ask the Court to take judicial notice of an "Assignment of Deed of Trust filed upon the Gallatin County Public record, Document # 2347754." (Doc. 45, at 3). Plaintiffs provided a copy of this document as an

exhibit in support of their prior motion for summary judgment. (Doc. 34-3). Defendants do not voice any objection to the Court taking judicial notice of this document, which is properly subject to judicial notice. Accordingly,

IT IS ORDERED that Plaintiffs' Motion to take Judicial Notice of the Assignment of Deed of Trust document is GRANTED. Plaintiffs' Motion to Take Judicial Notice is DENIED in all other respects.

DATED this 25th day of January, 2017.

Jeremiah C. Lynch
United States Magistrate Judge