IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAWN C. LEMIEUX and STEVE G. LEMIEUX,<br><br>Plaintiffs,<br><br>vs.<br><br>CWALT, INC. ALTERNATIVE LOAN TRUST 2006-33CB, BAYVIEW LOAN SERVICING, LLC., ASSET FORECLOSURES SERVICES a/k/a PEAK FORECLOSURE SERVICES, INC., and UN-NAMED DOES 1-100,<br><br>Defendants. | CV 15-77-BU-JCL<br><br>ORDER |

I. **Background**

By Order entered February 15, 2017, this diversity action was dismissed for lack of prosecution under authority of Fed. R. Civ. P. 41(b), a dismissal which operated as an adjudication on the merits in favor of the Defendants. Liability upon Defendants' counterclaim for attorneys' fees and costs was also entered in Defendants' favor.

Presently before the Court is Defendants' motion under Fed. R. Civ. P. 54 requesting an award of attorneys' fees and costs incurred in defense of Plaintiffs'

1

claims. Defendants predicate their motion upon the attorney fees and cost provisions of the promissory note and related trust indenture that lie at the center of this controversy. Consistent with the decisional law of Montana, Defendants – as the prevailing party – are entitled, pursuant to the terms of the promissory note, to recover their attorneys' fees and costs reasonably incurred in the defense of this action.[1] See, *Lewistown Propane Co. v. Moncur*, 61 P.3d 780, 783-84 (Mont. 2002).

The Defendants have satisfied the procedural requirements of Fed. R. Civ. P. 54(d)(2)(B) by submitting the affidavit of counsel stating: (1) the hours spent by counsel in defending; (2) the hourly rate charged by counsel in accordance with the retainer extant between counsel and the Defendants; (3) the attorneys fees billed to Defendants; and (4) actual costs incurred in defending.

Review of the record reflects the Plaintiffs have not filed a response to the Defendants' motion within the time prescribed by L.R. 7.1(d)(1)(B)(ii) – a failure that under the rule may be deemed an admission that the motion is well taken. Nor have the Plaintiffs requested an opportunity to file submissions on the motion

---

[1] Because jurisdiction is based on diversity of citizenship, the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

pursuant to Fed. R. Civ. P. 43.

## II. Findings of Fact and Conclusions of Law

In December of 2015, Defendants retained the services of the law firm Davis, Hatley, Haffeman & Tighe, P.C. Defendants agreed to pay for the services of Maxon Davis, Esq., Derek Oestreicher, Esq., and Benjamin Burns at the hourly rate of $275.00. $150.00, and $150.00, respectively. Based upon the affidavit of Mr. Davis, and given the Court's familiarity with the hourly rates being charged by practitioners in the District of Montana with experience and skills similar to the two referenced attorneys, the Court finds the hourly fees charged by these two attorneys to be entirely reasonable and consistent with prevailing rates in the District of Montana.

The Defendants were billed for services performed by the three referenced attorneys during the time frame of December 2015 through February 2017 in the total amount of $25,422.50:

>   Davis: 66 hours at $175.00 per hour
>   Burns: 15 hours at $150.00 per hour
>   Oestreicher: 27 hours at $150.00 per hour

Being intimately familiar with the proceedings in this matter – from the filing of the complaint to the time of trial – the 108 hours of attorney time expended in defense is entirely reasonable. Consequently, using the standard

3

lodestar method for calculating attorneys' fees, the Court finds the Defendants are entitled to an attorney fee award in the amount of $25,422.50. The Court also finds the Plaintiffs lack of response to the Defendants' motion is an admission to the reasonableness of the amount requested.

The Defendants have also established they incurred litigation costs in the total amount of $1,794.81 – an amount the Court finds to be reasonably expended in defending this action. The Plaintiffs' lack of response is likewise deemed an admission the costs requested are reasonable.

Therefore, IT IS HEREBY ORDERED that Defendants' motion is GRANTED. The Defendants are entitled to recover from the Plaintiffs, jointly and severally, attorneys' fees and costs in the total amount of $27,217.31. The Clerk of Court is directed to enter judgment in favor of the Defendants and against the Plaintiffs' upon both the Plaintiffs' complaint and the Defendants' counterclaim, with Defendants entitled to recover of the Plaintiffs jointly and severally in the monetary sum of $27,217.31.

        DATED this 21st day of March, 2017.

                                     */s/ Jeremiah C. Lynch*
                                     Jeremiah C. Lynch
                                     United States Magistrate Judge